# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

UNITED STATES OF AMERICA
V.

MICHAEL McGOWAN

## JUDGMENT IN A CRIMINAL CASE

Case Number: CR-09-653-1

USM Number: 12767-052

RANDI CHAVIS, ESQ.
Defendant's Attorney

**FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ FEB 06 2014 ★
LONG ISLAND OFFICE**

**THE DEFENDANT:**

X pleaded guilty to count(s) __COUNTS ONE(1), TWO(2) AND FOUR(4) OF INDICTMENT__

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2251(a) and (d) | SEXUAL EXPLOITATION OF A CHILD | 12/14/2001 | ONE (1) |
| 18 USC 2251(a) and (d) | SEXUAL EXPLOITATION OF A CHILD | 7/29/2003 | TWO (2) |
| 18 USC 2251(a) and (d) | SEXUAL EXPLOITATION OF A CHILD | 8/6/2003 | FOUR (4) |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) __3 AND 5 THROUGH 12__ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JANUARY 6, 2014
Date of Imposition of Judgment

s/ Sandra J. Feuerstein

Signature of Judge

SANDRA J. FEUERSTEIN, U.S.D.J.
Name and Title of Judge

FEBRUARY 6, 2014
Date

DEFENDANT: MICHAEL McGOWAN
CASE NUMBER: CR-09-653-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

COUNTS ONE (1), TWO (2) AND FOUR (4): THIRTY (30) YEARS CUSTODY IMPOSED CONSECUTIVELY TO EACH OTHER AND CONSECUTIVE TO THE UNDISCHARGED TERM OF IMPRISONMENT.

The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

The defendant shall surrender to the United States Marshal for this district:

at _____ ☐ a.m. X p.m. on _____.

☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

LIFETIME

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL SUPERVISED RELEASE TERMS

1. That the defendant comply with the attached order or forfeiture.
2. That the defendant participate in mental health treatment, which may include treatment for sexual disorders, with a treatment provider selected by the Probation Dept. The defendant shall contribute to the cost of the services rendered, via co-payment, as approved by Probation. As part of the treatment program for sexual disorders, the defendant shall also participate in a polygraph examination(s) to obtain information necessary for risk management and correctional treatment, as approved by Probation.
3. The defendant shall not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the U.S. Probation Department
4. The defendant shall not be a member of the North America Man Boy Love Association or any other organization which promotes sexual contact between children and adults, or any depiction thereof.
5. Unless otherwise indicated in the treatment plan provided by the sex offender treatment program, the defendant is prohibited from viewing, owning or possessing any obscene, pornographic, or sexually stimulating visual or auditory material including telephone electronic media, computer programs, or computer services that have a reasonable direct relationship to the defendant's deviant behavior pattern
6. The defendant shall not view, purchase or possess videotapes, films, DVD's, magazines, books, or other products depicting minors engaged in sexual activity, or adults representing themselves to be under the age of 18.
7. The defendant will not purchase or possess photographic or video equipment, without the prior knowledge and permission of the U.S. Probation Department. The defendant will not rent or have control of a post office box or storage unit, without the prior knowledge and permission of the U.S. Probation Department
8. The defendant is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind. The term "pornography" shall include images or video of adults or minors engaged in "sexually explicit conduct as that term is defined in Title 18, United States Code, Section 2256(2). The defendant shall also not use a computer, Internet capable device or similar electronic device to view images of naked children. The defendant shall not use his/her computer to view pornography or images of naked children stored on related computer media, such as CD's or DVD's, and shall not communicate via his computer with any individual or group who promotes the sexual abuse of children. The defendant shall also cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate our department's ability to effectively monitor his/her Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CD's, under his/her control. The defendant is prohibited from sending/receiving text (SMS - short messaging service), images, video, or audio (MMS - multimedia messaging service) via a cellular telephone or other capable device as directed by the probation department. The defendant is required to notify their mobile telephone provider to prevent their account from sending/receiving SMS and MMS and provide documentation to the probation department as proof of this requirement.
9. The defendant shall not have contact with the victims/John Does #1, #2, and #3; this means that he shall not attempt to meet in person, communicate by letter, telephone, email, the internet or through a third party, without the knowledge and permission of the Probation Department.
10. The defendant will not associate with any child(ren) under the age of eighteen (18) unless a responsible adult is present and he has prior approval from the Probation Department.
11. If the defendant cohabitates with an individual who has minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of his prohibition of associating with any child(ren) under the age of eighteen (18), unless a responsible adult is present.
12. The defendant shall comply with the sex offender registration requirements mandated by law.
13. The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of supervised release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

DEFENDANT: MICHAEL McGOWAN
CASE NUMBER: CR-09-653-1

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **x**  Lump sum payment of $ __300.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F      Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.




☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

**x**  The defendant shall forfeit the defendant's interest in the following property to the United States:
   See Final Order of Forfeiture signed on 1/13/2014.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.